**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| The Semrad Law Firm, LLC | Case No. 23-10512 (JTD) |
| Debtor.[1] | **Obj. Deadline: May 17, 2023 at 4:00 p.m. (EDT)**<br>**Hearing Date: May 30, 2023 at 11:00 a.m. (EDT)** |

**DEBTOR'S FIRST OMNIBUS MOTION FOR ENTRY OF AN ORDER (I)
AUTHORIZING THE REJECTION OF CERTAIN UNEXPIRED LEASES, EACH
EFFECTIVE AS OF THE PETITION DATE, AND (II) GRANTING RELATED RELIEF**

> **THIS MOTION SEEKS TO REJECT CERTAIN UNEXPIRED LEASES. PARTIES
> RECEIVING THIS MOTION SHOULD LOCATE THEIR NAMES AND
> UNEXPIRED LEASES IN THE SCHEDULE ATTACHED AS <u>SCHEDULE 1</u> TO
> <u>EXHIBIT A</u> OF THIS MOTION.**

The above-captioned debtor and debtor in possession (the "<u>Debtor</u>"), by and through its undersigned proposed counsel, hereby moves this Court (the "<u>Motion</u>") for entry of an order pursuant to sections 105(a), 365(a) and 554(a) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "<u>Bankruptcy Code</u>") and rules 6004, 6006, and 6007 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and rule 9013-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware ("<u>Local Rules</u>"), substantially in the form attached hereto as **<u>Exhibit A</u>**: (i) authorizing the rejection of certain unexpired leases, including any guaranties thereof and any amendments, modifications, or subleases thereto for nonresidential real property (each, a "<u>Lease</u>," and collectively, the "<u>Leases</u>") located at the corresponding premises set forth on <u>Schedule 1</u> to **<u>Exhibit A</u>** attached hereto (the "<u>Premises</u>"), each effective as of the Petition Date (defined below);

---

[1] The last four digits of the Debtor's federal tax identification number are 8456. The Debtor's mailing 11101 S. Western Avenue, Chicago, Illinois 60643.

and (ii) granting related relief.  In support of this Motion, the Debtor incorporates by reference the *Declaration of Patrick Semrad in Support of First Day Relief* (the "<u>First Day Declaration</u>")[2] and respectfully represents as follows:

## JURISDICTION

1.      The Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue of this proceeding and the Motion is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory bases for the relief requested herein are sections 105(a), 365 and 554(a) of the Bankruptcy Code, Bankruptcy Rules 6004, 6007, and 6006, and Local Rule 9013-1.

3.      Pursuant to Local Rule 9013-1(f), the Debtor consents to the entry of a final order by the Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

## BACKGROUND

4.      On April 26, 2023 (the "Petition Date"), the Debtor commenced a voluntary case under chapter 11 of the Bankruptcy Code as a debtor defined in Bankruptcy Code section 1182(1) and the Debtor elected to proceed under Subchapter V of chapter 11 of the Bankruptcy Code pursuant to the Small Business Debtor Reorganization Act, as amended (the "SBRA").

---

[2]      Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

5.      The Debtor is operating its businesses as debtor in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

6.      On April 26, 2023, the United States Trustee appointed William A. Homony of Miller Coffey Tate LLP to serve as the Subchapter V trustee (the "Subchapter V Trustee") in this case pursuant to Bankruptcy Code section 1183(a).  No other trustee, examiner, or official committee has been appointed in these cases.

7.      Additional detail regarding the Debtor, its business, the events leading to commencement of this case, and the facts and circumstances supporting the relief requested herein is set forth in the First Day Declaration and is incorporated herein by reference.

## LEASES TO BE REJECTED

8.      The Debtor commenced this Chapter 11 Case to reorganize its capital structure and position itself for future success.

9.      The Leases to be rejected provide no benefit to the Debtor's estate or the Chapter 11 Case.  As of the Petition Date, the Debtor had ceased all operations on the Premises for the Leases sought to be rejected by this motion.  Absent rejection, the Debtor would be obligated to pay rent under the Leases even though they will have ceased operations at such Premises.  Moreover, in addition to its obligations to pay rent under the Leases, the Debtor would be obligated to pay certain real property taxes, utilities, insurance, and other related charges associated with the Leases.

10.      Further, as the Debtor begins the process of analysing its executory contracts and unexpired leases, it has determined, in its business judgment, and in consultation with its advisors that certain Leases are unnecessary and burdensome to the Debtor's estate and that the costs incurred under the Leases constitute an unnecessary drain on the Debtor's already limited resources.   The transactional costs and post-petition carrying costs associated with

marketing the Leases exceed any potential benefit that may be realized from potential assignments or subleases.  Accordingly, it seeks to reject the Leases *nunc pro tunc* to the Petition Date so as to avoid incurring any administrative claims associated therewith.

## RELIEF REQUESTED

11.     By this Motion, the Debtor respectfully requests the entry of an order (the "Proposed Order"), substantially in the form attached hereto as **Exhibit A**: (i) authorizing the rejection of certain Leases set forth on Schedule 1 to **Exhibit A** attached hereto, each effective as of the Petition Date; and (ii) granting related relief.

## BASIS FOR RELIEF

**I.     Rejection of the Leases effective as of the Petition Date is appropriate and provides the Debtor with significant cost savings.**

12.     Section 365(a) of the Bankruptcy Code provides that a debtor in possession, "subject to the court's approval, may . . . reject any . . . unexpired lease of the debtor."  11 U.S.C. § 365(a).  The decision to assume or reject an executory contract or unexpired lease is a matter within the "business judgment" of the debtor.  *See Nat'l Labor Relations Bd. v. Bildisco & Bildisco (In re Bildisco)*, 682 F.2d 72, 79 (3d Cir. 1982) ("The usual test for rejection of an executory contract is simply whether rejection would benefit the estate, the 'business judgment' test.") (citation omitted); *see also Glenstone Lodge, Inc. v. Buckhead Am. Corp. (In re Buckhead Am. Corp.)*, 180 B.R. 83, 88 (Bankr. D. Del. 1995).  Application of the business judgment standard requires a court to approve a debtor's business decision unless the decision is the product of bad faith, whim, or caprice.  *See Lubrizol Enters., Inc. v Richmond Metal Finishe*s, 756 F.2d 1043, 1047 (4th Cir. 1985).  Further, "[t]his provision allows a trustee to relieve the bankruptcy estate of

burdensome agreements which have not been completely performed." *Stewart Title Guar. Co. v. Old Republic Nat'l Title Ins. Co*., 83 F.3d 735, 741 (5th Cir. 1996) (citation omitted).

13.    Rejection of an unexpired lease is appropriate where such rejection would benefit the estate. *See Sharon Steel Corp. v. Nan Fuel Gas Distrib. Corp. (In re Sharon Steel Corp.)*, 872 F.2d 36, 39-40 (3d Cir. 1989).  Upon finding that a debtor has exercised its sound business judgment in determining that rejection of certain contracts or leases is in the best interests of its creditors and all parties in interest, a court should approve the rejection under section 365(a). *See In re Federal Mogul Global, Inc*., 293 B.R. 124, 126 (D. Del. 2003); *In re Bradlees Stores, Inc*., 194 B.R. 555, 558 n.1 (Bankr. S.D.N.Y. 1996), *appeal dismissed*, 210 B.R. 506 (S.D.N.Y. 1997); *In re Summit Land Co*., 13 B.R. 310, 315 (Bankr. D. Utah 1981) (holding that absent extraordinary circumstances, court approval of a debtors' decision to assume or reject an executory contract "should be granted as a matter of course").

14.    The Leases are not a source of potential value for the Debtor's estate or stakeholders.  The Debtor's obligations to pay, for example, post-petition rent, real estate taxes, utilities, insurance, and other related charges for the Premises eliminates any potential value of the Lease to the Debtor's estate—including any potential value from an assignment or sublease.  Each rejected Lease is for office space that the Debtor no longer needs or utilizes, resulting in a waste of the Debtor's resources.  Accordingly, the Debtor has determined that the Leases constitute unnecessary drains on the Debtor's resources and, therefore, rejection of the Leases reflects the Debtor's exercise of sound business judgment.

## II.    This Court should deem the Leases rejected as of the Petition Date.

15.    Section 365 of the Bankruptcy Code does not restrict a bankruptcy court from applying rejection retroactively. *See In re Jamesway Corp*., 179 B.R. 33, 37 (S.D.N.Y. 1995) (stating that section 365 does not include "restrictions as to the manner in which the court can

approve rejection"); *see also In re CCI Wireless, LLC*, 297 B.R. 133, 138 (D. Colo. 2003) (noting

that section 365 "does not prohibit the bankruptcy court from allowing the rejection . . . to apply

retroactively").  Courts have held that a bankruptcy court may, in its discretion, authorize rejection

retroactively to a date prior to entry of an order authorizing such rejection where the balance of

equities favors such relief.  *See In re Thinking Machs. Corp.*, 67 F.3d 1021, 1028-29 (1st Cir. 1995)

(stating "rejection under section 365(a) does not take effect until judicial approval is secured, but

the approving court has the equitable power, in suitable cases, to order a rejection to operate

retroactively"); *In re Chi-Chi's, Inc.*, 305 B.R. 396, 399 (Bankr. D. Del. 2004) (stating "the court's

power to grant retroactive relief is derived from the bankruptcy court's equitable powers so long

as it promotes the purposes of § 365(a)"); *CCI Wireless*, 297 B.R. at 140 (holding that a "court has

authority under section 365(d)(3) to set the effective date of rejection at least as early as the filing

date of the motion to reject"); *BP Energy Co. v. Bethlehem Steel Corp.*, 2002 WL 31548723, at *3

(S.D.N.Y. Nov. 15, 2002) ("We cannot conclude . . . that a bankruptcy court's assignment of a

retroactive rejection date falls outside of its authority when the balance of the equities favors this

solution."); *see also In re At Home Corp.*, 392 F.3d 1064, 1065-66 (9th Cir. 2004) (holding "that

a bankruptcy court may approve retroactively the rejection of an unexpired nonresidential lease").

16.     In *In re Namco Cybertainment, Inc.*, the Court stated that retroactive

rejection of an unexpired lease was permissible, provided: (a) the premises (and the keys thereto)

were surrendered with an unequivocal statement of abandonment to the landlord; (b) the motion

was served on the landlord; (c) the official committee consented to the requested relief; and (d) the

debtor waived its right to withdraw the motion.  No. 98-173 (PJW) (Bankr. D. Del. Feb. 6, 1998);

*see also TW, Inc. v. Angelastro (In re TW, Inc.)*, No. 03-10785, 2004 WL 115521, at *2 (D. Del.

Jan. 14, 2004) (upholding bankruptcy court ruling denying rejection of leases *nunc pro tunc* to the petition date when the debtor had not surrendered possession prior to the petition date).

17.     Here, the balance of equities favors rejection of the Leases effective as of the Petition Date.  Without such relief as to the Leases, the Debtor will potentially incur unnecessary administrative expenses related to agreements that provide no benefit to the Debtor's estate.  *See* 11 U.S.C. § 365(d)(3).  Further, the landlords to the Premises will not be unduly prejudiced if the rejection is deemed effective as of the Petition Date.  With the exception of the Peachtree Street Lease, possession of the applicable Premises was delivered to each respective landlord on, or prior to, the Petition Date, with an unequivocal and irrevocable statement of surrender and abandonment of the applicable Premises to the respective landlord.  As for the Peachtree Street Lease, the Debtor is no longer operating on the Premises and will work with the landlord of the Peach Street Lease to vacate any property at the Premises as soon as possible. Contemporaneously with the filing of this Motion, the Debtor will cause notice of this Motion to be served on the landlords, thereby allowing each party sufficient opportunity to respond accordingly.  The Debtor filed this Motion on the Petition Date and therefore has sought the relief requested herein at the earliest possible moment in this Chapter 11 Case and do not seek to reject the Leases effective as of the Petition Date due to any undue delay on its own part.

18.     Courts in this jurisdiction have approved relief similar to that requested herein.  *See, e.g., In re Forever 21, Inc*., No. 19-12122 (KG) (Bankr. D. Del. Oct. 28, 2019) (authorizing rejection of unexpired leases *nunc pro tunc* to the petition date); *In re PES Holdings, LLC*, No. 19-11626 (KG) (Bankr. D. Del. Sept. 19, 2019) (authorizing rejection of unexpired leases and executory contract *nunc pro tunc* to the specific dates); *In re Charming Charlie Holdings, Inc*., No. 17-12906 (CSS) (Bankr. D. Del. Jan. 10, 2018) (authorizing rejection of unexpired leases *nunc*

*pro tunc* to specified date); *In re Samson Resources Corporation*, No. 15-11934) (CSS) Bankr. D. Del. Sept. 2, 2016) (same); *In re Dex Media, Inc*. No. 16-11200 (KG) (Bankr. D. Del. June 8, 2016) (authorizing rejection of unexpired leases and executory contracts *nunc pro tunc* to petition date).

19.    Accordingly, the Debtor respectfully submits that the Court should deem the Leases identified on <u>Schedule 1</u> to **<u>Exhibit A</u>** attached hereto rejected, effective as of the Petition Date.

## <u>WAIVER OR BANKRUPTCY RULE 6004(H)</u>

20.    Given the nature of the relief requested herein, the Debtor respectfully requests a waiver of (i) the notice requirements under Bankruptcy Rule 6004(a) and (ii) the 14-day stay under Bankruptcy Rule 6004(h), to the extent that either rule is applicable.

## <u>DEBTOR'S RESERVATION OF RIGHTS</u>

21.    Nothing contained in this Motion or any actions taken by the Debtor pursuant to relief granted in the Proposed Order is intended or should be construed as:  (a) an admission as to the validity of any particular claim against the Debtor; (b) a waiver of any of the Debtor's rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtor's rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtor that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to this Motion are valid, and the Debtor expressly reserves its rights to contest the extent, validity, or perfection or seek avoidance of all such liens.  If the Court grants the relief sought herein, any payment made pursuant

to the Court's order is not intended and should not be construed as an admission as to the validity of any particular claim or a waiver of the Debtor's rights to subsequently dispute such claim.

## **NOTICE**

22.    Notice of this Motion will be provided to: (i) the Office of the United States Trustee; (ii) the Subchapter V Trustee; (iii) the Debtor's twenty (20) largest unsecured creditors; (iv) the lessors of the Premises listed on Schedule 1 to **Exhibit A**; (v) counsel to Old National Bank; and (vi) all parties requesting notice pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested herein, the Debtor submits that no other or further notice is necessary.

## **NO PRIOR REQUEST**

23.    The Debtor has not previously sought the relief requested herein from the Court or any other court.

## **CONCLUSION**

WHEREFORE, for the reasons set forth herein, the Debtor respectfully requests that the Court (a) enter the Proposed Order substantially in the form annexed hereto as **Exhibit A** granting the relief requested in this Motion and (b) granting such other and further relief as may be just and proper.

Dated:  April 26, 2023                    **PASHMAN STEIN WALDER**
        Wilmington, Delaware              **HAYDEN, P.C.**

                                          */s/ Joseph C. Barsalona II*
                                          Joseph C. Barsalona II (No. 6102)
                                          1007 North Orange Street, 4th Floor, Suite 183
                                          Wilmington, DE 19801-1242
                                          Telephone: (302) 592-6496
                                          Email: jbarsalona@pashmanstein.com

                                          -and-

                                          Richard C. Solow (admitted *pro hac vice*)
                                          The Woolworth Building
                                          233 Broadway, Suite 820
                                          New York, New York 10279
                                          Email: rsolow@pashmanstein.com

                                          *Proposed Counsel to the Debtor and*
                                          *Debtor in Possession*