**Exhibit A**

**Proposed Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>The Semrad Law Firm, LLC<br><br>Debtor.[1] | Chapter 11<br><br>Case No. 23-10512 (JTD)<br><br>**Re: D.I. \_\_\_** |

**ORDER GRANTING DEBTOR'S FIRST OMNIBUS MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING THE REJECTION OF CERTAIN LEASES, EACH EFFECTIVE AS OF THE PETITION DATE, AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtor and debtor in possession (the "Debtor") for entry of an order (this "Order"), pursuant to sections 105(a), 365(a), and 554(a) of the Bankruptcy Code, Bankruptcy Rules 6004, 6006, and 6007, and Local Rule 9013-1: (i) authorizing the rejection of certain Leases for nonresidential real property located at the corresponding premises set forth on **Schedule 1** attached hereto, each effective as of the Petition Date; and (iii) granting related relief, all as more fully described in the Motion; and upon consideration of the First Day Declaration; and this Court having found that it has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012; and this Court having found that the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b); and that the Debtor consents to entry of a final order under Article III of the United States Constitution; and this Court having found that venue of this chapter 11 case and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having determined that

---

[1] The last four digits of the Debtor's federal tax identification number are 8456. The Debtor's mailing 11101 S. Western Avenue, Chicago, Illinois 60643.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

1

the relief requested in the Motion is in the best interests of the Debtor, its estate, its creditors, and other parties in interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and this Court having reviewed the Motion and having the opportunity for a hearing held before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and the First Day Declaration and at the Hearing establish just cause for the relief granted herein; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation thereon and good and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. Each of the Leases set forth on **Schedule 1** attached hereto is rejected effective as of the Petition Date.

3. Any claims arising out of the rejection of the Leases must be filed on or before the deadline established by the Court for filing proofs of claims in this case for rejection damages. The Debtor reserves all rights to contest any rejection damages claim and to contest the characterization of each Lease as unexpired. If the Debtor has deposited monies with a counterparty to a Lease as a security deposit or other arrangement, such counterparty may not setoff or recoup or otherwise use such deposit without the prior authority of the Court.

4. The Debtor does not waive any claims that they may have against the counterparty to any Lease, whether or not such claims are related to such Lease.

5. Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the validity, priority, or amount of any particular claim against a Debtor entity; (b) a waiver of the Debtor's or any other party-in-

interest's right to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Order of the Motion; (e) a request or authorization to assume any agreement, contract, lease, or sublease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtor's or any other party-in-interest's rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtor or any other party-in-interest that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to this Order are valid and the Debtor and all other parties-in-interest expressly reserve their rights to contest the extent, validity, or perfection or to seek avoidance of all such liens. Any payment made pursuant to this Order should not be construed as an admission as to the validity, priority, or amount of any particular claim or a waiver of the Debtor's or any other party-in-interest's rights to subsequently dispute such claim.

6. Nothing in the Motion or this Order shall be deemed or construed as an approval of an assumption of any contract pursuant to section 365 of the Bankruptcy Code.

7. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

8. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

9. The Debtor is authorized to take all necessary actions to effectuate the relief granted pursuant to this Order and in accordance with the Motion.

10. Notwithstanding any applicability of any Bankruptcy Rules, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

4

11. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the interpretation, implementation, or enforcement of this Order.

## **Schedule 1**

Rejected Leases

| Lease Counterparty | Counterparty Notice Address | Title and Date of Lease[1] |
|---|---|---|
| SOT South Clark LLC | Priscilla Miles<br>Cushman & Wakefield<br>20 S. Clark Street<br>Suite 1075<br>Chicago, IL  60603<br><br>Charles Valente<br>MPS Law<br>125 South Wacker Drive, Suite 2900,<br>Chicago, Illinois 60606 | Lease for 20 S. Clark Street, 28th Floor Chicago, IL 60603<br><br>Lease dated July 18, 2008 |
| ACP Peachtree Center LLC | 225 Peachtree Street<br>Suite 200<br>Atlanta, Georgia 30303<br>Attention: Property Manager<br><br>*with a copy of all notices to:*<br>ACP Peachtree Center LLC<br>c/o Banyan Street Capital<br>80 SW 8th Street<br>Suite 2200<br>Miami, Florida 33130<br>Attn: Sr. Managing Director | Lease for 235 Peachtree St NE, Suite 300 Atlanta, GA 30303<br><br>Lease Agreement dated October 25, 2019 |
| Eagles Land Station LLC | Tom Prandato<br>Senior Regional Property Manager<br>Phillips Edison<br>11501 North Lake Drive<br>Cincinnati, OH 45249 | Lease for 909 Eagles Landing Parkway, Suite 440 Stockbridge, GA 30281<br><br>Lease Agreement dated 6/1/2018 |
| Harper Associates Detroit, Inc.<br>(Sublessor) | Ben Schwartz<br>Harper Associates<br>31000 Northwestern Hwy<br># 240<br>Farmington Hills, MI 48334<br><br>*With a copy to:*<br>Marc D. Landau<br>Attorney for Harper Associates Detroit Inc.<br>30100 Telegraph, Suite 120 | Sublease for 31000 Northwestern Highway, Farmington Hills, MI 48334<br><br>Sublease dated August 23, 2021 |

---

[1] References to Leases described herein include all amendments, modifications, supplements, exhibits, and any other operative documents related to such Leases.

1

|  | Bingham Farms, MI 48025 |  |
| --- | --- | --- |
| K&D Management, LLC | K&D Management<br>7910 Mall Ring Rd., Suite 100<br>Lithonia, GA 30038 | Lease for 7910 Mall Ring Rd., Suite 100<br>Lithonia, GA 30038<br><br>Lease dated February 14, 2020 |